## Perry County et al v. Hazard Bank & Trust Company.

(Decided March 17, 1931.)

50

T. E. MOORE and HENRY JOHNSON for appellant.

WOOTON & WOOTON, FAULKNER & FAULKNER, M. K. EBLEN, and J. W. CRAFT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Perry county issued and offered for sale $500,000, 5 per cent. road and bridge bonds dated January 1, 1923, maturing without option or prior payment from five to thirty-five years, with an average life of approximately nineteen years, principal and semiannual interest payable at Hanover National Bank, N. Y. An order was entered by the fiscal court, directing and authorizing a sale. A bid in writing was made by the Hazard Bank & Trust Company and the Perry County State Bank for $400,000 of them. The terms and conditions of their bid were submitted to the fiscal court in writing. One provision of it is: "Should it become necessary in order to procure state or federal aid to deposit any of this money to the credit of the state or federal government, it is understood that the amount to be used for this purpose shall be credited to the state or government on our books and be withdrawn as only work progresses for such payment as due and for every other purpose for which payment may be due as set out in this bid." This bid was accepted by the fiscal court by resolution dated November 26, 1922.

On February 3, 1923, the Hazard Bank & Trust Company and the Perry County State Bank entered into a written contract with the county. It is recited therein that on November 28, 1922, it had sold $400,000 of the bonds, and that the banks of the county desired to amend their original contract; that the banks "agree to pay to the Treasurer of Perry County, Ky., the amount set out in the original bid and the further sum of 4 percent on daily balance left over in the respective banks, said interest to begin Feb. 1, 1924. . . . And agree to cal-

culate the interest at the end of each month, beginning with February 1924, and to add to it the amount on deposit with the said banks or to pay it into the general fund of the county under the direction of the fiscal court."

On the 6th day of May, 1925, L. F. Brashear submitted to the fiscal court in writing a bid for the remaining $100,000, 5 per cent. road and bridge bonds, to be dated June 1, 1925. The terms and conditions of this bid are accurately given therein. On the 7th day of May, 1925, Mr. Breashear in writing supplemented his bid in this language:

"The condition of the attached bid is as follows, one part being void without the other, is that the proceeds of said sale is to be deposited in one or two or all three of the banks of Hazard, as I may designate and to be withdrawn only as actually used in the construction of roads or bridges. No interest is to be paid to the county until the money has remained in the bank eight months, at the expiration of which time interest is to begin."

His original bid, together with this supplement, was accepted by the fiscal court. An order of the court was entered, reciting that the state highway commission has, subject to its disposal, $150,000 federal aid for the purpose of constructing certain sections of road in Perry county, constituting a part of the state primary road system along project No. 3 in Perry county, and that Perry county has available $150,000 to match federal aid. It was ordered by the fiscal court that $150,000 out of the Perry county special road fund on hand be appropriated to match federal aid to cover 50 per cent. of the cost of constructing a section of project No. 4 beginning at the mouth of Letts creek and extending along project No. 4 towards the Breathitt county line as far as the money will build it. The fiscal court by its order directed the treasurer of Perry county to place to the credit of J. I. Dempsey, trustee, $150,000 for the state highway commission, subject to check of the state highway commission on estimates furnished for work done on this project. J. I. Dempsey, who was appointed trustee and by order of court, was required to sign all checks for estimates presented. In this order it is recited: "It is understood that

the money hereby appropriated shall remain the property of Perry county until used for the above purpose.'' The proceeds of the sale to Mr. Brashear were deposited to the credit of E. C. Duff, Jr., treasurer of Perry county, $33,516.56, or one-third was deposited by him in the Hazard Bank & Trust Co. The $150,000 was placed by the bank in the name of the state highway department.

The single issue in this case is the liability of appellee bank to the county for interest on the $150,000 after it was so transferred on the books of the bank in the name of the state highway commission? The appellee paid interest in the sum of $1,894, after the money was so placed by the bank, but it claims this was by mistake. The trial court held that the county was not entitled to interest thereon. Some question is raised by the appellant as to the sufficiency of the denials in the answer of appellee. Waiving this question, from a mere reading of the orders of the fiscal court, there is no escape from the conclusion that the appellee agreed with the fiscal court to pay interest thereon to the county so long as the fund remained in the banks in any name. The intention of the county to receive interest and the expectation of appellee to pay interest thereon, without regard to the name in which the fund might be deposited, are shown by an express agreement of the parties. The bids made by the parties for the bonds, their terms and provisions, and the orders of court relating to same, are clear, and parol evidence was incompetent to vary, alter, or change the same. There is no allegation of fraud or mistake.

Perry county had the accounts audited by an expert accountant, and the amount of interest due on these funds was ascertained, determined, and reported to the court. The deposition of the accountant, Mr. Cotton, shows the process used by him in reaching his conclusion and in ascertaining the amount due. His testimony and report are without contradiction. It is our conclusion the county is entitled to recover interest from the appellee amounting to $6,380.85, with interest thereon from April 1, 1926, until paid.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.